# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CARRIE BRANDON**                                               **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO.** 4:21cv107-DMB=JMV

**THE KENAN ADVANTAGE GROUP, INC.**                      **DEFENDANT**

## NOTICE OF REMOVAL

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, GREENVILLE DIVISION

Hon. Demetria Jackson
Post Office Drawer 849
Clarksdale, MS 38614

THE CIRCUIT CLERK OF COAHOMA COUNTY, MISSISSIPPI

Paul Ott, Esq.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211

ATTORNEYS FOR PLAINTIFF

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Kenan Advantage Group, Inc. ("Defendant"), hereby removes this action from the Circuit Court of Coahoma County, Mississippi, to the United States District Court for the Northern District of Mississippi, Greenville Division, and respectfully states as follows:

1.     The Kenan Advantage Group, Inc. is a named defendant in an action filed on July 12, 2021, in the Circuit Court of the Coahoma County, Mississippi, captioned *Carrie Brandon v. The Kenan Advantage Group, Inc.*, Civil Action No. 14Cl1:21-cv-00030 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served on Defendant are attached as Exhibit "A."

3. Plaintiff served Defendant on or about July 26, 2021. This Notice of Removal, therefore, is timely filed within thirty (30) days of receipt of the pleading from which Defendant could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b).

4. The United States District Court for the Northern District of Mississippi, Greenville Division, embraces the county in which the State Court Action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1332.

5. No previous application has been made for the relief requested herein.

6. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Coahoma County, Mississippi.

### REMOVAL IS PROPERLY BASED ON DIVERSITY JURISDICTION

7. As set forth below, this Court has subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which there is diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interests.

**A.  The Parties are Completely Diverse for Purposes of Removal.**

8. Defendant is completely diverse from Plaintiff. Complete diversity is necessary to confer original diversity jurisdiction on federal district courts. 28 U.S.C. § 1332(a). Removal is proper as long as no named defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

9. Plaintiff is a citizen of Mississippi. Compl. ¶ 1. Defendant is a citizen of Delaware and Ohio: it is incorporated in Delaware and has its principal place of business in Ohio. 28 U.S.C. § 1332(c)(1) (declaring that for purposes of removal a corporation is a citizen of the states where it is incorporated and has its principal place of business).

10. Accordingly, there is a complete diversity between Plaintiff and Defendant.

**B.     Amount in Controversy Exceeds $75,000.00**.

11. In the Fifth Circuit, when pleadings do not demand a specific amount, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). Defendant may either show the court that it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum, or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, 2012 WL 2930768, *1 (S.D. Miss. July 18, 2012)(citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).

12. Though Plaintiff does not quantify in her Complaint the amount of damages sought, Plaintiff claims to have sustained injuries from a collision that occurred between her vehicle and the Defendant's vehicle on August 4, 2020, in Coahoma County, Mississippi. *See* Complaint at ¶¶ 5 and 8. Plaintiff seeks compensatory damages for medical expenses, pain and suffering, mental and emotional distress, lost wages, and loss of household services. *Id.* at ¶ 9, subparts (1) through (5).

12. On March 31, 2021, Plaintiff submitted a pre-suit settlement demand indicating her intent to seek more than $75,000.00 in damages. *See* Copy of Settlement Demand as Exhibit "B." The demand specifically states that Plaintiff's past medical expenses are $14,916.24, and

she claims $54,400 in past pain and suffering and $64,230.49 in future pain and suffering. *Id.* Plaintiff's total demand is $133,600. *Id.* A settlement demand is properly considered as evidence of the amount in controversy for jurisdictional purposes. The settlement demand satisfied the 'other paper' requirement under §1446(b)." *Grayson v. Moncla Well Service, Inc.*, 844 F.Supp.2d 789, 792 (S.D. Miss. 2011)(citing *McConnell v. Funk*, 2010 WL 4736257, at *4 (S.D. Miss. Nov. 16, 2010), (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir.2000)).

13. Because Defendant is completely diverse from Plaintiff, the amount in controversy exceeds $75,000, and Defendant has met all other removal requirements, Defendant hereby removes this action from the Circuit Court for Coahoma County, Mississippi to the United States District Court for the Northern District of Mississippi, Greenville Division.

14. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party(ies); (8) statute of limitations as a bar; (9) untimely service; or (10) any other pertinent defense available under Miss. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the Coahoma County, Mississippi, to the United States District Court for the Northern District of Mississippi, Greenville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted, this 25th day of August, 2021.

                          THE KENAN ADVATAGE GROUP, INC.

                          By: s/ *Keishunna R. Webster*
                              KEISHUNNA R. WEBSTER, MB# 102498

                              ONE OF ITS ATTORNEYS

OF COUNSEL:

Meade W. Mitchell (MB# 9649)
Keishunna R. Webster (MB# 102498)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158
Tel: 601-985-4560 (MWM)
Tel: 601-985-4555 (KRW)
Fax: 601-985-4500
Email: meade.mitchell@butlersnow.com
Email: keishunna.webster@butlersnow.com

## CERTIFICATE OF SERVICE

I, Keishunna R. Webster, one of the attorneys for Defendant, electronically filed the foregoing Notice of Removal with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

    Paul Ott, Esq.
    Morgan & Morgan, PLLC
    4450 Old Canton Road, Suite 200
    Jackson, MS 39211

    ATTORNEYS FOR PLAINTIFF

This 25th day of August, 2021.

                              s/ *Keishunna R. Webster*
                              KEISHUNNA R. WEBSTER